IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. Case No. 1:17CV108ACL ) |
| HARDING ENTERPRISES, LLC, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Strike Pleadings and for Default Judgment of Plaintiff The Hanover Insurance Company ("Hanover"). (Doc. 23.)

**I.  Background**

On July 11, 2017, Hanover filed a Complaint against Defendants Harding Enterprises, LLC, Diamond H Ranch, LLC, Greggory Harding, and Andrea Dawn Harding. (Doc. 1.) Plaintiff alleges that Defendants breached contracts related to funds advanced by Plaintiff to Defendants for bonded construction contracts. Plaintiff requests indemnity and reimbursement and specific performance. Plaintiff further asserts fraud claims as to Defendants Greggory A. Hardin, Andrea D. Harding, and Diamond H.

On December 12, 2017, Plaintiff filed the instant Motion to Strike Pleadings and for Default Judgment. (Doc. 23.) Plaintiff argues that Defendants have failed to timely respond to Plaintiff's interrogatories in accordance with Federal Rule of Civil Procedure 33(b)(2), and have failed to comply with Rule 26 disclosures by not producing any documents with their initial disclosures. Plaintiff submitted the Affidavit of James A. Breckenridge, counsel for Plaintiff, in

accordance with Local Rule 37-3.04(A).  Plaintiff requests that the Court strike Defendants' pleadings and grant default judgment for Hanover and against Defendants, jointly and severally, in the amount of $4,976,855, under Rule 37(d).

Defendants did not file a Response to Plaintiff's Motion.  The Court held a telephonic status conference with the parties on January 3, 2018.  (Doc. 26.)  Following the status conference, the Court issued an Order to Show Cause, directing Defendants to show cause no later than January 10, 2018, why Plaintiff's Motion to Strike Pleadings and for Default Judgment should not be granted.  (Doc. 27.)

On January 10, 2018, Defendants filed a Response to the Court's Show Cause Order.  (Doc. 28.)  Defendants first argue that Plaintiff's written discovery was served prior to the Rule 26(f) conference in violation of Rule 26(d)(1).  They next cite Defendant Andrea Harding's recent diagnosis of breast cancer, Defendants' plan to file bankruptcy, and defense counsel's two-week vacation in December 2017, as cause for the failure to answer Plaintiff's discovery.  Defendants request five business days to "either answer Plaintiff's improperly served written discovery or file bankruptcy."  (Doc. 28 at p. 3.)

Plaintiff filed a Reply to Defendants' Response, in which Plaintiff argues that Defendants are ignoring or delaying legitimate lawsuits against them while they hide their assets through bankruptcy or otherwise.  (Doc. 29.)  Plaintiff notes that the United States District Court for the District of Alabama entered a default judgment against Harding Enterprises, LLC and Gregory A. Harding for $5,884,577.48.  Plaintiff has filed an Additional Reply on this date, stating that Defendants still have not answered any discovery requests, nor have they filed for bankruptcy.  (Doc. 30.)  Plaintiff renews its request that the Court enter judgment against Defendants under Rule 37(d) as a sanction.

## II. Standard

Rule 37(b)(2), Federal Rules of Civil Procedure, allows the Court to impose sanctions upon those parties who fail to comply with discovery Orders, but a Default Judgment may only be considered as a sanction if there is: (1) an order compelling discovery; (2) a willful violation of that Order; and (3) prejudice to the other party. *See*, *Keefer v. Provident Life and Acc. Ins. Co.,* 238 F.3d 937, 940 (8th Cir. 2000), citing *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir. 2000); *see also*, *Mems v. City of St. Paul, Dep't of Fire and Safety Servs.,* 327 F.3d 771, 779 (8th Cir. 2003). Further, "a district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests." *United States v. Big D Enterprises, Inc.,* 184 F.3d 924, 936 (8th Cir. 1999); *see also*, *Collins v. Burg,* 169 F.3d 563, 565 (8th Cir. 1999)(Rule 37 "gives a district court broad authority to impose sanctions for failure to respond to discovery requests."); *Boogaerts v. Bank of Bradley,* 961 F.2d 765, 768 (8th Cir. 1992)("Rule 37(b)(2)(C) authorizes the Court to exercise discovery abuse sanctions by dismissing a parties' action, or striking pleadings or entering a default judgment against the abusive litigant.").

However, "[t]he court's 'discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be "just" and relate to the claim at issue in the order to provide discovery.'" *Hairston v. Alert Safety Light Prods., Inc.,* 307 F.3d 717, 719 (8th Cir. 2002), quoting *Avionic Co. v. General Dynamics Corp.,* 957 F.2d 555, 558 (1992). The sanction of a default judgment is authorized under a combination of Rules 37(d), and 37(b)(2)(C), Federal Rules of Civil Procedure, upon the failure of a party to attend his own deposition, or upon his failure to respond to Interrogatories or Requests for Production of Documents. In this respect, Rule 37(d) provides as follows:

> If a party * * * fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to

> interrogatories submitted under Rule 33, after proper service of the
> interrogatories, or (3) to serve a written response to a request for inspection
> submitted under Rule 34, after proper service of the request, the court in which
> the action is pending on motion may make such orders in regard to the failure as
> are just, and among others it may take any action authorized under paragraphs
> (A), (B), and (C) of subdivision (b)(2) of this rule. * * * In lieu of any order or in
> addition thereto, the court shall require the party failing to act * * * to pay the
> reasonable expenses, including attorney's fees, caused by the failure, unless the
> court finds that the failure was substantially justified or that other circumstances
> make an award of expenses unjust.

As the Rule abundantly makes clear, the available sanctions, under Rule 37(d), for a party's failure to attend a deposition, or to respond to Interrogatories, are discretionary. *See Boardman v. Nat'l Med. Enterprises,* 106 F.3d 840, 843 (8th Cir. 1997); *Hazen v. Pasley,* 768 F.2d 226, 229 (8th Cir. 1987).

Among the possible sanctions are those enumerated in Rule 37(b)(2)(A), (B) and (C), and Rule 37(b)(2)(C) authorizes the entry of a default judgment in the following terms:

> If a party or an officer, director, or managing agent of a party * * * fails to obey
> an order to provide or permit discovery, including an order made under
> subdivision (a) of this rule[,] * * * the court in which the action is pending may
> make such orders in regard to the failure as are just, and among others the
> following: * * *
> (C) An order striking out pleadings or parts thereof, or staying further proceedings
> until the order is obeyed, or dismissing the action or proceeding or any part
> thereof, or **rendering a judgment by default against the disobedient party.**

[Emphasis added].

Notwithstanding the broad discretion authorized by the applicable Rules, within this Circuit, the sanction of a default judgment is recognized as a harsh means of relief, which is reserved for those instances where the discovery abuses are committed in bad faith, or are deliberate, intentional, or willful. *See*, *Boogaerts,* 961 F.2d at 768; *Savola v. Webster,* 644 F.2d 743 (8th Cir. 1981) (where sanction of dismissal or default is imposed, range of discretion is more narrow, and the losing party's noncompliance must be due to willfulness or bad faith).

"There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, *see, e.g., Jackson v. Beech,* 636 F.2d 831, 835 (D.C. Cir. 1980), particularly when monetary damages sought are substantial." *Swink v. City of Pagedale,* 810 F.2d 791, 792 n. 2 (8th Cir. 1987), cert. denied, 483 U.S. 1025 (1987), citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2693, at 482-85 (2d ed. 1983). Accordingly, entry of judgment by default is a drastic remedy which should be used only in extreme situations. *See*, *Int'l Bhd. of Elec. Workers v. Hope Elec. Corp.,* 380 F.3d 1084, 1105 (8th Cir. 2004).

"Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." *Lee v. Bhd. of Maint. of Way Employees,* 139 F.R.D. 376, 381 (D. Minn. 1991), citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2682, at 411 (2d ed. 1983). In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is "only appropriate where there has been a clear record of delay or contumacious conduct. *Taylor v. City of Ballwin, Missouri,* 859 F.2d 1330, 1332 (8th Cir. 1988), citing *E.F. Hutton & Co. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972) (distinguishing marginal discovery compliance failures with "willful violations of court rules, contumacious conduct or intentional delays").

*See*, *United States on Behalf of and for the Use of Time Equip. Rental & Sales, Inc. v. Harre,* 983 F.2d 128, 130 (8th Cir. 1993);

### III.     Discussion

Plaintiff served its First Interrogatories upon Defendants on October 20, 2017. To date, Defendants have not responded to Plaintiff's Interrogatories. Defendants have also made no response to Plaintiff's Requests for Production served on December 1, 2017. (Doc. 29-3.)

Defendants first argue that Plaintiff's interrogatories violated Rule 26(d)(1) because they were served prior to the Court's Rule 16 conference. Plaintiff responds that Rule 26 does not prohibit discovery prior to a Rule 16 Conference. Plaintiff states that when the First Interrogatories were sent on October 20, 2017, counsel for Plaintiff and Defendants had already conferred as required by Rule 26(f).

Rule 26(d)(1) provides, in relevant part, that a party "may not seek discovery from any source before ***the parties have conferred*** as required by Rule 26(f)…" (emphasis added). Because the parties had already conferred at the time Plaintiff served its First Interrogatories (Doc. 29-2), the fact that the Court's Rule 16 Conference was not held until five days later is immaterial. Plaintiff's Interrogatories did not violate Rule 26(d)(1).

Defendants' counsel next states that in communicating with Defendants regarding Plaintiff's discovery requests he learned that Defendant Andrea Harding had been diagnosed with breast cancer on October 17, 2017. Counsel states that he notified Plaintiff's counsel of the diagnosis. He states that, on or about November 27, 2017, Defendants notified Defendants' counsel that they had engaged the Jewel Law Firm with respect to filing bankruptcy. Counsel states that he notified Plaintiff's counsel of Defendants' plan to file bankruptcy on December 8, 2017, at which time Plaintiff's counsel represented that Plaintiff would be filing a motion to compel. Defendants' counsel states that he believed that the bankruptcy filing was imminent and that all future discovery would be conducted through the bankruptcy court. Finally, counsel

states that he went on a two-week vacation beginning December 19, 2017, during which time Plaintiff filed its Motion for Default Judgment rather than a motion to compel.

Defendants' failure to respond to Plaintiff's discovery requests is an inexcusable violation of the Federal Rules of Civil Procedure. While the Court is sympathetic to Ms. Harding's medical issues, Defendants' attorney did not request an extension of time on this basis. Further, Ms. Harding's diagnosis does not preclude the other Defendants from providing the requested discovery. Similarly, although Defendants maintain that they will file for bankruptcy, they have not yet done so. There is no protection against the instant action moving forward until they file for bankruptcy, and nothing exempts them from complying with all of the requirements that the court imposes. Also unavailing is the fact that Defendants' counsel left for a two-week-long vacation on the day Defendants' Response was due. In fact, Defendants did not respond to the instant Motion until the Court initiated a telephone conference and subsequently directed Defendants to show cause why the Motion should not be granted.

After considering all of the relevant facts and circumstances, the Court concludes that a default judgment is not the appropriate sanction at this time. The Court is mindful of Plaintiff's concerns that Defendants intend to delay the instant proceedings to Plaintiff's detriment. Nonetheless, although Defendants have yet to comply with the specified discovery obligations, considering all the circumstances present in this case, the necessary level of willful and intentional delay, or contumacious conduct, warranting a default judgment is not present. The cases upon which Plaintiff relies involve either a record of repeated dilatory conduct or a single egregious violation, neither of which are present here. *See IBEW, Local Union No. 545*, 380 F.3d at 1106 (district court did not abuse its discretion in granting default judgment as sanction when defendant failed to comply with court's orders to provide discovery and failed to respond

to motion for sanctions); *Fletcher v. Southern Farm Bureau Life Ins. Co.*, 757 F.2d 953, 956 (8th Cir. 1995) (district court did not abuse its discretion in dismissing Complaint as a sanction when "despite repeated warnings from both the court and counsel, Fletcher willfully disobeyed the court's orders to submit to the examination.."); *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir. 1975) (district court did not abuse discretion in dismissing Complaint of Plaintiff who admitted to bugging conversations in Defendants' offices); *Gilbert v. Nationstar Mortg. LLC*, No. 4:16CV01316AGF, 2017WL3177051 (E.D. Mo. June 20, 2017) (dismissing case with prejudice due to Plaintiff's failure to prosecute and comply with Court orders compelling discovery).

In this case, Plaintiff has not sought an order from the Court compelling discovery, and there is no evidence in the record supporting Plaintiff's accusations that Defendants are currently hiding their assets. Defendants have expressed a willingness to respond to Plaintiff's discovery requests, and have requested a five-day-period in which to do so. In light of these factors, and the substantial amount of the monetary judgment sought, the Court declines to exercise its discretion to grant Plaintiff's Motion for Default Judgment at this time.

Because Plaintiff also asked for any other relief deemed just and proper in its Motion, the Court will further construe Plaintiff's motion as a motion to compel. Defendants will be provided one opportunity to comply with discovery rules, and will be ordered to fully respond to Plaintiff's discovery requests within five days. Specifically, Defendants must respond to Plaintiff's First Interrogatories, provide documents in connection with their Rule 26 disclosures, and respond to Plaintiff's Requests for Production. Defendants are cautioned that the failure to fully respond to Plaintiff's discovery requests will result in the entry of default judgment.

The Court will also award Plaintiff the reasonable fees and expenses incurred in bringing the present Motion. Federal Rule of Civil Procedure 37(a)(5)(A) provides that a court must require the party whose conduct necessitated the motion to compel to pay the movant's "reasonable expenses incurred in making the motion, including attorney's fees." The court must not order this payment if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed.R.Civ. P. 37(a)(5)(A).

Plaintiff's counsel, Mr. Breckenridge, states in his Affidavit, that he has expended a total of 5.9 hours of work in the drafting and filing of Plaintiff's Motion to Strike Pleadings and for Default Judgment, billed at the regular rate of $200 an hour, for a total of $1,180. (Doc. 23-2.) The Court finds that it is reasonable under the circumstances to award attorneys' fees in the amount of $1,180.

Accordingly,

**IS HEREBY ORDERED** that Plaintiff's Motion to Strike Pleadings and for Default Judgment of Plaintiff The Hanover Insurance Company (Doc. 23) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Plaintiff's request that the pleadings be stricken and default judgment be entered is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendants' request for an order compelling production be granted as follows: **No later than January 29, 2018**, Defendants shall provide complete, accurate, and nonprivileged information responsive to Plaintiff's First Interrogatories and Requests for Production; and provide documents in connection with their Rule 26

disclosures. Failure to fully comply will result in further sanctions, including the entry of default judgment.

**IT IS FURTHER ORDERED** that Defendants shall pay to Plaintiff $1,180 as reasonable fees for bringing the present Motion.

_/s/ Abbie Crites-Leoni_
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of January, 2018.