IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. Case No. 1:17CV108ACL |
| HARDING ENTERPRISES, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Second Motion to Strike Pleadings and for Default Judgment of Plaintiff The Hanover Insurance Company ("Hanover"). (Doc. 32.)

**I.  Background**

    A.  **The Complaint**

On July 11, 2017, Hanover filed a Complaint against Defendants Harding Enterprises, LLC; Diamond H Ranch, LLC; Greggory Harding; and Andrea Dawn Harding. (Doc. 1.) Plaintiff alleges that Hanover issued bonds on behalf of Defendant Harding Enterprises, LLC ("Harding"), to guarantee Harding's performance obligations on various government contracts and to ensure the payment obligations to Harding's subcontractors and material suppliers that it engaged for such public projects. As consideration, Defendants executed a General Agreement of Indemnity ("GAI"), requiring Defendants to indemnify and hold Plaintiff harmless from any and all liability under the bonds. The GAI provided that all funds due and collected on the bonded projects were to be held in trust for the benefit of Hanover and for payment to the subcontractors and suppliers engaged by Harding to complete the bonded projects.

Subsequent to the execution of the bonds and GAI, and after multiple claims by unpaid subcontractors and suppliers had been made and some paid by Hanover, Defendants informed Hanover that Harding was experiencing financial difficulty and requested that Hanover provide Harding with financial assistance to meet its obligations under the bonds. In response to Defendants' request and pursuant to its authority under the GAI, Hanover entered into a certain Financial and Special Account Agreement with Harding, as Principal, and Harding, Andrea Harding, and Greggory Harding, as Indemnitors, dated August 26, 2016 ("Financing Agreement"). Pursuant to the terms of the Financing Agreement, Hanover paid claims and advanced a total of $3,807,673.03 to Harding, which funds were to be used by Harding for the sole purpose of paying labor and material costs incurred by Harding to perform work on the bonded contracts and for which Hanover may become liable under the bonds.

Plaintiff alleges that Harding failed to pay its subcontractors and suppliers on all of the contracts to which the bonds relate, which constituted a default under the GAI. Plaintiff was therefore called upon to pay for and perform the bonded contract obligations related to the applicable projects. After performing Harding's obligations on the applicable projects and giving credit for all amounts received by Plaintiff on such projects, Plaintiff alleges that its total loss, not including legal and consultant expenses and costs, is at least $4,976,855. Plaintiff states that it demanded collateral and reimbursement to Defendants in the amount of $4,975,000 on June 23, 2017, but Defendants have failed to post any collateral or reimburse Plaintiff in any amount. Plaintiff alleges that Defendants have therefore breached the GAI and Financing Agreement. Plaintiff further contends that Defendants Greggory Harding, Andrea Harding, and Diamond H fraudulently diverted at least $3,529.055 in bonded contract trust fund proceeds through their false representations, false pretenses, and actual fraud.

## B. Discovery Disputes

On December 12, 2017, Plaintiff filed a Motion to Strike Pleadings and for Default Judgment. (Doc. 23.) Plaintiff argued that Defendants failed to timely respond to Plaintiff's interrogatories in accordance with Federal Rule of Civil Procedure 33(b)(2), and failed to comply with Rule 26 disclosures by not producing any documents with their initial disclosures. Plaintiff requested that the Court strike Defendants' pleadings and grant default judgment for Hanover and against Defendants, jointly and severally, in the amount of $4,976,855, under Rule 37(d).

Defendants did not file a Response to Plaintiff's Motion. Following a status conference held with the parties, the Court issued an Order to Show Cause, directing Defendants to show cause no later than January 10, 2018, why Plaintiff's Motion to Strike Pleadings and for Default Judgment should not be granted. (Doc. 27.) On January 10, 2018, Defendants filed a Response to the Court's Show Cause Order in which they cited the following facts as cause for their failure to comply with discovery requests: Defendant Andrea Harding was recently diagnosed with breast cancer, Defendants plan to file bankruptcy, and defense counsel went on a two-week vacation in December 2017. (Doc. 28.) They requested five business days to "either answer Plaintiff's improperly served written discovery or file bankruptcy." (Doc. 28 at p. 3.) Plaintiffs filed a Reply, arguing that Defendants are ignoring or delaying legitimate lawsuits against them while they hide their assets through bankruptcy or otherwise. (Doc. 29.) Plaintiff noted that the United States District Court for the District of Alabama entered a default judgment against Harding Enterprises, LLC and Gregory A. Harding in the amount of $5,884,577.48. Plaintiffs filed an Additional Reply on January 22, 2018, stating that Defendants still had not answered any discovery requests, nor had they filed for bankruptcy. (Doc. 30.)

In a Memorandum and Order dated January 22, 208, the Court denied Plaintiff's request for a default judgment, but granted Plaintiff's alternate request for an order compelling production of discovery. (Doc. 31.) The Court found that Defendants' failure to respond to Plaintiff's discovery requests was inexcusable, yet noted that Plaintiff had not previously sought an order from the Court compelling discovery and there was no evidence in the record that Defendants were hiding their assets. Defendants were given "one opportunity to comply with discovery rules," and were directed to "provide complete, accurate, and nonprivileged information responsive to Plaintiff's First Interrogatories and Requests for Production; and provide documents in connection with their Rule 26 disclosures" no later than January 29, 2018. *Id.* at p. 8-10. Defendants were cautioned that "[f]ailure to fully comply will result in further sanctions, including the entry of default judgment." *Id.* Additionally, the Court directed Defendants to pay Plaintiff $1,180 as reasonable fees for bringing the Motion.

On February 1, 2018, Plaintiff filed the instant Second Motion to Strike Pleadings and for Default Judgment, in which Plaintiff argues that Defendants have willfully violated the Court's order compelling discovery. (Doc. 32.) Plaintiff contends that Defendants did not fully respond to Plaintiff's Interrogatories or Requests for Production, and did not pay the fee imposed by the Court. On February 9 and 19, 2018, Plaintiff filed additional suggestions in support of its Motion. (Docs. 39, 40.) Plaintiff states that Defendants have not filed a memorandum in opposition to Plaintiff's Motion; Plaintiff has not received any additional discovery responses or communication from Defendants; and Defendants have not filed for bankruptcy. Plaintiff therefore requests that the Court grant its Motion to Strike Pleadings and for Default Judgment as unopposed.

**II.     Standard**

Rule 37(b)(2), Federal Rules of Civil Procedure, allows the Court to impose sanctions upon those parties who fail to comply with discovery Orders, but a Default Judgment may only be considered as a sanction if there is: (1) an order compelling discovery; (2) a willful violation of that Order; and (3) prejudice to the other party.  *See*, *Keefer v. Provident Life and Acc. Ins. Co.,* 238 F.3d 937, 940 (8th Cir. 2000), citing *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir. 2000); *see also*, *Mems v. City of St. Paul, Dep't of Fire and Safety Servs.,* 327 F.3d 771, 779 (8th Cir. 2003).  Further, "a district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests."  *United States v. Big D Enterprises, Inc.,* 184 F.3d 924, 936 (8th Cir. 1999); *see also*, *Collins v. Burg,* 169 F.3d 563, 565 (8th Cir. 1999)(Rule 37 "gives a district court broad authority to impose sanctions for failure to respond to discovery requests."); *Boogaerts v. Bank of Bradley,* 961 F.2d 765, 768 (8th Cir. 1992)("Rule 37(b)(2)(C) authorizes the Court to exercise discovery abuse sanctions by dismissing a parties' action, or striking pleadings or entering a default judgment against the abusive litigant.").

However, "[t]he court's 'discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be "just" and relate to the claim at issue in the order to provide discovery.'" *Hairston v. Alert Safety Light Prods., Inc.,* 307 F.3d 717, 719 (8th Cir. 2002), quoting *Avionic Co. v. General Dynamics Corp.,* 957 F.2d 555, 558 (1992).  The sanction of a default judgment is authorized under a combination of Rules 37(d), and 37(b)(2)(C), Federal Rules of Civil Procedure, upon the failure of a party to attend his own deposition, or upon his failure to respond to Interrogatories or Requests for Production of Documents.  In this respect, Rule 37(d) provides as follows:

> If a party * * * fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to

> interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. * * * In lieu of any order or in addition thereto, the court shall require the party failing to act * * * to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

It is abundantly clear that the sanctions available under Rule 37(d) are discretionary when a party fails to attend a deposition or to respond to Interrogatories. *See Boardman v. Nat'l Med. Enterprises,* 106 F.3d 840, 843 (8th Cir. 1997); *Hazen v. Pasley,* 768 F.2d 226, 229 (8th Cir. 1987).

Among the possible sanctions are those enumerated in Rule 37(b)(2)(A), (B) and (C), and Rule 37(b)(2)(C) authorizes the entry of a default judgment in the following terms:

> If a party or an officer, director, or managing agent of a party * * * fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule[,] * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: * * *
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or **rendering a judgment by default against the disobedient party.**

[Emphasis added].

In determining what sanctions are appropriate, courts "must consider all of the evidence and circumstances that tend to provide a 'complete understanding of the parties' motivations' including 'a party's actions in a related case.'" *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.,* 380 F.3d 1084, 1106 (8th Cir. 2004). Notwithstanding the broad discretion authorized by the applicable Rules, within this Circuit, the sanction of a default judgment is recognized as a harsh means of relief, which is reserved for those instances where the discovery

abuses are committed in bad faith, or are deliberate, intentional, or willful. *See*, *Boogaerts,* 961 F.2d at 768; *Savola v. Webster,* 644 F.2d 743 (8th Cir. 1981) (where sanction of dismissal or default is imposed, range of discretion is more narrow, and the losing party's noncompliance must be due to willfulness or bad faith). In the final analysis, default judgments are not favored in the law, and the entry of such a judgment is only appropriate when there has been a clear record of delay or contumacious conduct. *See*, *United States on Behalf of and for the Use of Time Equip. Rental & Sales, Inc. v. Harre,* 983 F.2d 128, 130 (8th Cir. 1993); *Taylor v. City of Ballwin, Missouri,* 859 F.2d 1330, 1332 (8th Cir. 1988).

### III. Discussion

#### A. Plaintiff's Motion for Sanctions

Plaintiff argues that Defendants have violated the Court's order compelling discovery by failing to fully respond to Plaintiff's Interrogatories and Requests for Production. Specifically, Plaintiff claims that Defendants' responses to Interrogatories are deficient in the following respects: the responses violate the Federal Rules of Civil Procedure in that they include objections that are not signed in violation in Rule 33(b)(5), and the answers were not made "under oath" in violation of Rule 33(b)(3); the interrogatory answers are substantively deficient, in that each defendant simply sent a virtually identical Microsoft Word document listing their answers, and Defendants refused to list their assets or the values of them in response to Interrogatories Three and Four; and the few answers Defendant provided are demonstrably false, such as the listing of bank accounts. As to the Requests for Production, Plaintiff states that Defendants only produced one document—the Diamond H. Ranch, LLC Articles of Organization—which is publicly available on the Missouri Secretary of State's website. Plaintiff contends that Defendants failed to produce any documents between themselves, including

communications between them or evidence of payments they made to each other. Plaintiff argues that Defendants' refusal to provide such documents is prejudicial insofar as Hanover's central allegation is that Defendants took bonded project trust funds designated to complete public construction projects and used those funds for Defendants' personal benefit.

Plaintiff further argues that since the Court issued its previous order, it has received evidence supporting its allegation that Defendants are currently hiding their assets. For example, Defendant Diamond H Ranch, LLC stated in response to Interrogatory No. 3 asking about its assets that it "evokes [sic] its 5th amendment right." (Doc. 32-1 at p. 21.) Plaintiff asserts that a negative inference can be drawn from the Defendants' invocation of the Fifth Amendment. A Bankruptcy Court made that conclusion where the Fifth Amendment was invoked in a bankruptcy proceeding and the plaintiff was unable to present its evidence. *See Cobb v. Clampitt (In re Clampitt)*, 499 B.R. 640, 650 (Bankr. E.D. Mo. 2013). In addition, the Court finds Plaintiff's recitation of facts regarding Defendant's handling of an $800,000 payment for a public project that should have been used to pay Plaintiff along with subcontractors and suppliers who worked on the project to be disconcerting. (Doc. 32 at 6.) Plaintiff alleges that the $800,000 was diverted to other uses including a sizable cattle purchase[1] and a sizable initial deposit in a new bank account for Diamond H. Ranch, LLC. *See* Doc. 32-1 at 5-6.

The Court finds that Defendants' actions in this litigation justify that default judgment be entered against them in favor of Hanover. Defendants have violated Rule 37(d) by failing to respond to Plaintiff's discovery requests. Despite finding that Defendants' failure to respond to Plaintiff's discovery requests was inexcusable, the Court offered Defendants one opportunity to

---

[1] Plaintiff alleges that the Diamond Ranch cattle purchase totaled $319,075 on January 7, 2017. The Court reviewed the Diamond Ranch spreadsheet and found the total purchase on that day to be $246,955 with a combination of adding purchase and market prices listed for 98 cows and one bottle calf. *See* Doc. 32-1 at 125.

comply with discovery rules in light of the policy preference of a trial on the merits. Defendants were directed to "**No later than January 29, 2018**…provide complete, accurate, and nonprivileged information responsive to Plaintiff's First Interrogatories and Requests for Production; and provide documents in connection with their Rule 26 disclosures." (Doc. 31 at p. 9-10) (emphasis in original) They were warned that "Failure to fully comply will result in further sanctions, including the entry of default judgment." *Id.* at 10. Plaintiff's Motion and supporting documents reveal that Defendants continue to ignore discovery rules and this Court's clear directive. Defendants have not responded to Plaintiff's second motion for sanctions setting out the deficiencies in Defendants' responses. Defendants have violated Rule 37(b) by failing to comply with the Court's Order compelling discovery. Further, Defendants have violated the Court's Order in failing to pay Plaintiff's reasonable fees in connection with the first motion for sanctions. Plaintiff has received no additional responses to discovery requests or any further communication of any kind from Defendants since the filing of the instant Motion. In sum, although the Defendants were warned that entry of default judgment would follow their failure to fully comply with discovery obligations as directed by the Court, the Defendants have made no effort to defend their lack of compliance with discovery, or file for bankruptcy by their suggested date of January 17, 2018. (Doc. 28 at 3.)

It has become apparent to this Court that further warnings and lesser sanctions will not cure Defendants' conduct such that this litigation could proceed in a just, speedy, and orderly fashion. The record before the Court now establishes repeated dilatory conduct and an unwillingness of Defendants to comply with the discovery process and present a defense. Defendants offer no justification for disobeying the Court's order compelling discovery. The record supports that their actions were done deliberately and in bad faith with intent to impede

the progress of this case. Plaintiff is clearly prejudiced by Defendants' conduct. Based on the foregoing, the Court concludes that entry of default judgment against Defendants is an appropriate sanction in this case.

    **B.**    **Damages**

Plaintiff requests that the Court award "all of the relief sought in plaintiff's *Complaint*, $4,976,855 (Doc. 1-4 ¶20); award plaintiff another $1,180[2] as the cost of drafting this motion and the accompanying suggestions in support; and order such other and further relief as is just and proper." (Doc. 32 at 7.) Plaintiff cites to the Affidavit of Damages submitted by Lawrence Lerner, counsel for Plaintiff, in support of the amount of relief sought. (Doc. 1-4 at ¶ 20.) Mr. Lerner states in this paragraph that, in "failing and/or refusing to meet their obligations under the General Agreement of Indemnity to provide Collateral and Reimbursement and to indemnify Hanover, defendants have injured Hanover in the amount of $4,976,855.00." In the preceding paragraphs of his Affidavit, Mr. Lerner states that, through June 23, 2017, Hanover has incurred and paid an amount in excess of $3,807,000 for "claims against the bonds; consultants, accounting and legal fees and expenses related to the claims made against Hanover and, which amounts are due from the personal indemnitors and Harding Enterprises, LLC. This amount includes funds advanced to the personal indemnitors and to Harding Enterprises, LLC pursuant to the terms of the Financing and Special Account Agreement." *Id.* at ¶ 17. He further states that there are "still open claims of over $465,000.00," the costs "to complete the bonded projects are in excess of an additional $403,000.00," and "the further attorney, consultants and accounting fees, costs and expenses may be over $300,000.00 to complete all of the above." *Id.* at ¶ 18.

---

[2] The proposed Judgment attached to Plaintiff's Second Suggestions in Support (Doc. 40) lists $2,360 as the cost of drafting motions to enforce discovery requests" (Doc. 40-1 at 1.)

"A party entitled to default judgment is required to prove the amount of damages that should be awarded." *Oberstar v. Fed. Dep. Ins. Corp.,* 987 F.2d 494, 505 n. 9 (8th Cir. 1993). Damages on default must be proven with "a reasonable degree of certainty." *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818-19 (8th Cir. 2001).

In this case, Plaintiff has submitted no documentation in the form of spreadsheets or other records indicating how their damages were calculated. Plaintiff's proof of damages consists only of the figures in Mr. Lerner's explanation in the Affidavit cited above. The Court also notes that the sum of the items of damage cited by Mr. Lerner in paragraphs 17 and 18 is $4,975,000, rather than the requested award of $4,976,855. While Plaintiff may be able to explain this slight discrepancy, this further illustrates the need for additional evidence supporting Plaintiff's requested damages. The Court also notes that the $300,000 request for future attorney, consultants and accounting fees is speculative, and no evidence has been presented to enable the Court to adequately and accurately determine such a future damage award.

Accordingly,

**IS HEREBY ORDERED** that Plaintiff's Second Motion to Strike Pleadings and for Default Judgment (Doc. 32) is **granted**.

**IT IS FURTHER ORDERED** that Defendants' Answer and pleadings are stricken pursuant to Rule 37(b)(2)(C).

**IT IS FURTHER ORDERED** that **default judgment is entered in favor** of Plaintiff The Hanover Insurance Company **and against** Defendants Harding Enterprises, LLC, Diamond H Ranch, LLC, Greggory A. Harding, and Andrea D. Harding, pursuant to Rule 37(b)(2)(C).

**IT IS FURTHER ORDERED** that Plaintiff shall have until **March 2, 2018**, to submit documentation clarifying and supporting its request for damages in the amount of $4,976,855,

including past expenses paid, the claims that are still open, estimated expenses for completion of the bonded projects, articulation of interest claimed, and a verified statement of attorneys' fees and expenses reasonably incurred and anticipated, as well as legal authority for award of future attorney fees. The Court defers entry of final judgment until such time as the Court has made a determination on the issue of damages.

      **IT IS FURTHER ORDERED** that Plaintiff shall submit a verified statement of attorneys' fees for drafting the motion (Doc. 32) and accompanying suggestions in support.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of February, 2018.