IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. Case No. 1:17CV108ACL ) |
| HARDING ENTERPRISES, LLC, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Hanover Insurance Company's ("Hanover") Request for Damages against Diamond H Ranch, LLC ("Diamond H") and Verified Statement of Attorneys' Fees. (Doc. 45.)

### I. Background

On July 11, 2017, Hanover filed a Complaint for Indemnity, Reimbursement, Specific Performance, Quantum Meruit, Fraud, and Constructive Trust against Defendants Harding Enterprises, LLC; Diamond H; Greggory Harding; and Andrea Dawn Harding. (Doc. 1.) Hanover alleges that Defendants breached contracts regarding bonds issued to Defendants by Hanover for construction projects. Hanover further claims that Defendants fraudulently diverted at least $3,529,055 in bonded contract trust fund proceeds through their false representations, false pretenses, and actual fraud.

On February 1, 2018, Hanover filed a Second Motion to Strike Pleadings and for Default Judgment, in which Hanover argued that Defendants willfully violated the Court's January 22, 2018 Order compelling discovery. (Doc. 32.) On February 21, 2018, the Court granted

Hanover's Motion to Strike Pleadings and for Default Judgment, finding that the record established repeated dilatory conduct and an unwillingness of Defendants to comply with the discovery process and present a defense. (Doc. 41.) Default judgment was entered in favor of Hanover and against Defendants Harding Enterprises, LLC; Diamond H; Greggory A. Harding; and Andrea D. Harding pursuant to Rule 37(b)(2)(c). Although the judgment was in favor of Hanover, this Court was unable to assess the amount of damages requested as there was insufficient documentation in the record. The Court directed Hanover to submit additional documentation clarifying and supporting its request for damages in the amount of $4,976,855 no later than March 2, 2018.

On February 27, 2018, before Hanover submitted documentation regarding damages, Defendants Greggory A. Harding, and Andrea D. Harding filed a Notice of Bankruptcy Filing, triggering an automatic stay pursuant to 11 U.S.C. § 362(a)(6). (Doc. 42.) A telephone conference was held with the parties on March 1, 2018, during which it was determined that the bankruptcy filing prevented this Court from entering a final judgment determining Hanover's damages. Defendant Harding Enterprises, LLC, subsequently filed its Notice of Bankruptcy. (Doc. 44-1.) During the phone conference, one of the options discussed was that Hanover could request relief from the automatic stay in the Bankruptcy Court.

On May 9, 2018, Hanover filed the instant request for damages against Defendant Diamond H. Hanover states that, on May 7, 2018, the United States Bankruptcy Court for the Eastern District of Missouri held a hearing in the Harding bankruptcies "and commented that the stay did not apply to Diamond H because Diamond H has never filed for bankruptcy. Therefore, there was no need to lift the stay with respect to Diamond H." (Doc. 45 at 1-2.) Based on these statements, Hanover submits documentation requested by this Court in its February 21, 2018

Order, and requests that the Court attach the appropriate monetary award to the judgment previously entered against Diamond H. Defendant has not responded to Hanover's Motion.

## II. Discussion

Hanover's request that the Court award damages against Diamond H is based solely on the reported oral remarks by the United States Bankruptcy Court. Although Hanover cites no written authority for its position, it is well-settled that an automatic stay protects the debtor only, and does not apply to actions against separate entities associated with the debtor. *See In re Calhoun*, 312 B.R. 380, 383 (Bankr. N.D. Iowa 2004) (declining to extend the automatic stay to a chapter 7 debtor's LLC because there is "[n]o provision in the Code [permitting] an individual and a business to file jointly"). Because Diamond H Ranch, LLC has not filed for bankruptcy, the automatic stay resulting from the other Defendants' bankruptcy cases do not foreclose further proceedings against Diamond H Ranch, LLC as a matter of law.

The facts in this case, however, require further consideration. In its Motion for Damages, Hanover requests that the Court award $6,607,674.34 as the amount of damages "associated with the default judgment previously entered in favor of plaintiff and against Diamond H Ranch, LLC." (Doc. 45 at 4.) This amount reflects losses suffered from the bonded projects as well as legal, accounting, and consulting fees in the amount of $2,200,556.02. Hanover has submitted evidence in support of its request for these damages. As previously noted, the default judgment entered in favor of Hanover was against Harding Enterprises, LLC; Diamond H; Greggory A. Harding; and Andrea D. Harding, on Hanover's Complaint alleging breach of contract and fraud claims. Hanover now seeks to hold Defendant Diamond H liable for the entire amount of its damages related to the bonded construction projects. Hanover provides no authority for this request.

In the Complaint, Hanover argues that Defendants executed a General Agreement of Indemnity ("GAI"), requiring Defendants to indemnify and hold Hanover harmless from any and all liability under the bonds. Diamond H did not sign the GAI. Diamond H did not exist at the time the GAI was signed. As to Defendant Diamond H, Hanover states that Diamond H was "aware that the funds were trust funds when it accepted them and used them in violation of the trust terms." (Doc. 1 at 7.) Although Diamond H is named as a Defendant in each of the five counts, the only specific allegations related to Diamond H are as follows:

> (1) In Count I, an indemnity and reimbursement claim asserted against all Defendants, Hanover states that Diamond H is "an alter ego of Greggory and Andrea Harding." Hanover specifically alleges that the Harding Defendants own and exercise complete control of Diamond H; Diamond H is undercapitalized by any funds that are not bonded contract trust funds; the Harding Defendants created Diamond H to defraud creditors; and any funds in the possession or control of Diamond H are held in constructive trust for Hanover.
>
> (2) In Count IV alleging fraud, Hanover claims that the Hardings and Diamond H defrauded Hanover in that the Hardings made material false representations upon which Hanover relied.

*Id.* at 13-14.

Hanover's Complaint reveals that the basis of Diamond H's liability is the allegation that Diamond H is merely the alter ago of Greggory and Andrea Harding, and was created to defraud creditors. Hanover seeks to have the funds in the possession of Diamond H held in constructive trust for Hanover. In light of these unique facts and the bankruptcy filing of the Hardings, the Court questions whether it can award damages against an entity alleged to be nothing more than

the alter ego of the Hardings. Indeed, other courts have found that a stay against a non-debtor was applicable under unusual circumstances. *See, e.g. Bell & Beckwith*, 39 B.R. 914, 918 (Bankr. N.D. Iowa 1984) (stay applied as matter of equity to prevent collecting on a judgment obtained in state court from property obtained by nondebtor through diversion of funds from debtor); *A.H. Robbins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (third party may invoke automatic stay when debtor is the real party defendant, or the judgment against the third party is in reality a judgment against the debtor). Hanover has not addressed this issue in its Motion for Damages.

The Court finds that Hanover has not demonstrated that this Court should award damages against Diamond H at this time. Further, the Court notes that Hanover does not address the amount of damages requested for its fraud claims asserted in Count IV.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Damages (Doc. 45) is **denied.**

                                              ABBIE CRITES-LEONI
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of June, 2018.